THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| PEDRO COOPER ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| EXCEPTIONAL COMMUNITY ) | JURY TRIAL DEMANDED |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Pedro Cooper ("Plaintiff"), through undersigned counsel, and files this lawsuit against Defendant Exceptional Community Services, Inc. ("Defendant"), and for his Complaint shows the following:

### **I.** **Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also brings claims pursuant to 26 U.S.C. § 7434.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III. Parties and Facts

5.

Plaintiff has been "employed" by Defendant as a home care provider since July 13, 2013.

6.

Throughout his employment, Plaintiff has been paid on an hourly basis.

7.

Plaintiff has been an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e) from July 13, 2013 to now.

8.

From January 13, 2016 to now (the relevant statutory period for Plaintiff's FLSA overtime claim), Plaintiff has been entitled to overtime compensation for hours worked over 40 in a workweek. Throughout his employment with Defendant, Plaintiff's primary duty was non-exempt work.

9.

Throughout his employment, Plaintiff regularly worked more than 40 hours in given workweeks and was not paid overtime compensation, calculated at one and one half times his regular rate, for hours worked over 40 in such weeks.

Case 3:19-cv-00006-CAR   Document 1   Filed 01/16/19   Page 4 of 8

Instead, Plaintiff was paid only his regular hourly rate for hours worked over 40 in workweeks.

10.

Throughout his employment with Defendant, Plaintiff was entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 per year in 2016, 2017, and 2018.

12.

Defendant suffered or permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

13.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

4

15.

Throughout his employment with Defendant, Plaintiff was economically dependent on Defendant.

16.

Defendant controlled Plaintiff's work assignments and determined the clients to which he would be assigned.

17.

Defendant determined Plaintiff's rate and method of pay and Plaintiff had no opportunity for profit or loss based on the services he provided.

18.

Plaintiff worked for Defendant on a continuous basis and the duration of his work with Defendant has been long term.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

19.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated the FLSA, including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

21.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

22.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

23.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

25.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D)  Grant Plaintiff leave to add additional state law claims if necessary; and;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

This 16th day of January, 2019.

**BARRETT & FARAHANY**

<u>/s/ V. Severin Roberts</u>
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
<u>Severin@JusticeAtWork.com</u>