IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| PEDRO COOPER,<br><br>   Plaintiff,<br><br>v.<br><br>EXCEPTIONAL COMMUNITY SERVICES, INC.,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>3:19-cv-00006-CAR |

## ANSWER AND DEFENSES OF DEFENDANT EXCEPTIONAL COMMUNITY SERVICES, INC.

COMES NOW Defendant Exceptional Community Services, Inc. ("Defendant") and submits its Answer and Defenses to the Complaint filed against it in the above-stylized action by Plaintiff Pedro Cooper ("Plaintiff") within the time allowed by law.

### NATURE OF COMPLAINT

1. Defendant admits only that Plaintiff purports to bring this action for "unlawful employment practices." Defendant denies any other allegations of such paragraph and denies that Defendant has committed any unlawful employment practices.

2. Defendant admits only that Plaintiff purports to bring this action seeking declaratory relief, along with liquidated and actual damages, and attorney's fees and costs, pursuant to the Fair Labor Standards Acts ("FLSA"). Defendant denies any other allegations of such paragraph and denies that Plaintiff is entitled to any relief under the FLSA.

## JURISDICTION AND VENUE

3. Defendant admits that this Court has jurisdiction over claims brought pursuant to the FLSA. Defendant denies that Plaintiff is entitled to any relief under the FLSA.

4. Defendant admits that Defendant is a Georgia corporation and resides in the Middle District of Georgia. Defendant admits that venue for Plaintiff's purported claims is proper in this Court. Defendant denies any remaining allegations of Paragraph 4.

5. Defendant denies the allegations of Paragraph 5.

6. Defendant admits the allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant admits the allegations of Paragraph 11, but specifically denies that it was Plaintiff's employer for the purposes of the FLSA.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Responding to Paragraph 16, Defendant admits only that it determined to which of Defendant's clients Plaintiff would be assigned. Defendant denies the remaining allegations of Paragraph 16.

17. Responding to Paragraph 17, Defendant admits only that it determined Plaintiff's rate and method of pay. Defendant denies the remaining allegations of Paragraph 17.

18. Defendant admits the allegations of Paragraph 18.

## COUNT I

19. To the extent that Paragraph 19 of Plaintiff's Complaint requires a response, Defendant incorporates and restates its responses to the preceding paragraphs of the Complaint as if set forth fully herein.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

## RESPONSE TO PRAYER FOR RELIEF

26. Responding to the "Prayer for Relief" set forth in Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the relief set forth therein or in any of said subsection's parts. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

Defendant asserts the following as separate defenses to Plaintiff's claims without assuming the burden of proof where such burden is otherwise on the Plaintiff under applicable procedural law.

1. To the extent that Plaintiff has failed, in whole or in part, to state a claim for which relief can be granted, his Complaint is barred and should be dismissed.

2. To the extent that Plaintiff's claims are barred by the applicable statute of limitations, his claims should be dismissed.

3. Plaintiff's claims may be barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

4. Defendant invokes all defenses, protections and limitations available under the FLSA. 29 U.S.C. § 201, *et seq.*

5. Plaintiff's claims for overtime payment are barred in that Plaintiff was an exempt employee under the FLSA.

6. Defendant acted in good faith at all times and has reasonable grounds for believing its actions are and were in compliance with the FLSA.

7. To the extent Defendant violated the FLSA, which violations are expressly denied, Defendant did not know or did not show reckless disregard for whether its conduct was prohibited by the FLSA.

8. This action is barred to the extent Plaintiff seeks recovery for time which is not compensable time, i.e. not "hours worked", under the FLSA.

9. To the extent Defendant violated the FLSA, which violations are expressly denied, Defendant is entitled to offset Plaintiff's alleged damages by monies or other compensation provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged to work.

10. Plaintiff's actions are barred to the extent he seeks to recover damages for time which is *de minimis* work time that is not compensable under the FLSA.

11. To the extent that Plaintiff seeks any other damages which are not recoverable under the FLSA, his claims are barred.

12. Defendant avers that this action is frivolous, unreasonable, and groundless and, accordingly, Defendant is entitled to dismissal of Plaintiff's claims

in their entirety, attorneys' fees incurred in defense of Plaintiff's claims, and other costs associated with the defense of this action.

13. Defendant reserves the right to assert other, additional defenses as they become evident or available through discovery or investigation of Plaintiff's claims.

WHEREFORE, having fully set forth its Answer and Defenses to Plaintiff's Complaint, Defendant Exceptional Community Services, Inc., requests that all claims against it in this action be dismissed with prejudice, that judgment be entered in its favor and against Plaintiff, and that Defendant be awarded all other costs and further relief as the Court deems appropriate.

Respectfully submitted this 7th day of February, 2019.

/s/ M. Travis Foust
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com
William S. Cleveland
Georgia Bar No. 721593
wcleveland@gmail.com

PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, GA  30309
(404) 873-8000 Telephone/(404) 873-8050 Facsimile
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed this **ANSWER AND DEFENSES OF DEFENDANT EXCEPTIONAL COMMUNITY SERVICES, INC.** using the CM/ECF system which will automatically send email notification to the following attorney of record:

V. Severin Roberts
severin@justiceatwork.com
**BARRETT & FARAHANY**
1100 Peachtree Street
Suite 500
Atlanta, GA 30309

Respectfully submitted this 7th day of February, 2019

*/s/ M. Travis Foust*
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com
William S. Cleveland
Georgia Bar No. 721593
wcleveland@gmail.com